Gary A. **NICHOLSON**, Appellant

v.

**FIFTH THIRD BANK**, Appellee.

No. 01–06–00123–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 1, 2007.

---

John V. Mastriani, Attorney At Law, P.C., Houston, for Appellant.

James N. Hull, Brian Staley, Houston, for Appellee.

Panel consists of Justices TAFT, ALCALA, and HANKS.

## OPINION

TIM TAFT, Justice.

Appellant, Gary A. Nicholson, appeals from a judgment rendered in favor of appellee, Fifth Third Bank. We determine whether there was legally sufficient evidence to support the trial court's judgment. We affirm.

## Background

On May 17, 2004, Fifth Third Bank sued Nicholson for breach of contract and quantum meruit. Fifth Third Bank sought to recover damages and attorney's fees for Nicholson's unpaid credit-card debt. Nicholson filed a timely answer denying the allegations in Fifth Third Bank's petition. Fifth Third Bank filed a "Notice of Filing Business Record Affidavit," which attached included summaries of Nicholson's account and copies of checks from Nicholson made payable to and deposited by Fifth Third Bank.

Although Fifth Third Bank's petition was filed in County Civil Court at Law No. Three, due to disruptions from Hurricane Rita, a different court—County Civil Court at Law No. Four—presided over a trial on the merits on September 26, 2005. That trial court ruled in favor of Fifth Third Bank and set a hearing for entry of judgment on October 25, 2005. On October 5, 2005, Nicholson requested findings of facts and conclusions of law and filed a motion for new trial. Nicholson's motion for new trial was granted, and the matter was reset for a bench trial before County Civil Court at Law No. Three.

On November 29, 2005, County Civil Court at Law No. Three conducted a bench trial on the merits. The court entered judgment in favor of Fifth Third Bank on January 23, 2006, from which judgment Nicholson appeals.

## Legal–Sufficiency Challenge

In two issues, Nicholson argues that Fifth Third Bank's evidence is legally insufficient because it was incompetent evidence and "there [was] no tender of said evidence or any evidence to the court that

has been properly recorded to sustain the judgment or for this appeal."

■ Texas Rule of Appellate Procedure 13.1(a) provides that the court reporter must make a full record of the proceedings "unless excused by agreement of the parties." Tex.R.App. P. 13.1(a). However, section 52.046(a) of the Texas Government Code provides that the court reporter shall record certain proceedings "[o]n request." Tex. Gov't Code Ann. § 52.046(a) (Vernon 2005). Thus, some courts of appeals, including this Court, have held that rule 13.1 conflicts with section 52.046, that section 52.046 prevails, a party is thus required to request a record. *See Washington v. State,* 127 S.W.3d 111, 113–15 (Tex.App.-Houston [1st Dist.] 2003, no pet.); *Polasek v. State,* 16 S.W.3d 82, 88–89 (Tex.App.-Houston [1st Dist] 2000, pet. denied) (en banc); *Langford v. State,* 129 S.W.3d 138, 139 (Tex.App.-Dallas 2003, no pet.); *see also Nabelek v. Dist. Attorney of Harris County,* No. 14–03–00965–CV, 2005 WL 2148999, at *5, —— S.W.3d ——, —— (Tex. App.-Houston [14th Dist.] Sept. 8, 2005, no pet.). It is the burden of the appellant to bring forward a sufficient record to show the error committed by the trial court. *Cf. Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990) (stating that burden is on appellant to present sufficient record to show error requiring reversal).

■ When there is no reporter's record made and there are no findings of fact, we assume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment. *Vickery v. Comm'n for Lawyer Discipline,* 5 S.W.3d 241, 251 (Tex.App.-Houston [14th Dist.] 1999, pet. denied); *see Sixth RMA Partners, L.P. v. Sibley,* 111 S.W.3d 46, 52 (Tex.2003) (citing *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002) and *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990)). That is, although an appellant may properly challenge the legal sufficiency of evidence supporting the trial court's judgment against him, he cannot prevail in any evidentiary challenge without first meeting his burden of presenting a sufficient record on appeal. *Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991); *Englander Co. v. Kennedy,* 428 S.W.2d 806, 806–07 (Tex.1968); *Roob v. Von Beregshasy,* 866 S.W.2d 765, 766 (Tex.App.-Houston [1st Dist.] 1993, writ denied). *Compare BMC Software,* 83 S.W.3d at 795; *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989) (holding that when appellate record includes reporter's and clerk's records, implied findings of fact are not conclusive and may be challenged for legal sufficiency).

■ Here, Nicholson failed to request that the court reporter record the November 29 hearing and that the trial court make findings of facts and conclusions of law for the January 23 judgment. Nicholson requested findings of fact and conclusions of law only for the first trial. Accordingly, because there is no reporter's record or findings of fact due to Nicholson's failure to request them, we must assume that there was sufficient evidence to support the trial court's judgment. *See Schafer,* 813 S.W.2d at 155.

We overrule Nicholson's two issues.

## Conclusion

We affirm the judgment of the trial court.