

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00327-CV

**JULIA P. DIAZ, INDIVIDUALLY AS
HEIR AND ON BEHALF OF THE ESTATE
OF JUAN DIAZ; MICHAEL BRASHEAR
AND DEBORAH STAYTON, INDIVIDUALLY
AS HEIR AND ON BEHALF OF THE ESTATE
OF PATRICK BRASHEAR,**

                                                    **Appellants**

 **v.**

**ELLIS COUNTY, TEXAS,**

                                                    **Appellee**

_____

**From the 40th District Court
Ellis County, Texas
Trial Court No. 66466**

_____

## MEMORANDUM OPINION

_____

Julia Diaz, individually as heir and on behalf of the Estate of Juan Diaz, her son,

and Michael Brashear and Deborah Stayton, individually and as heirs of Patrick

Brashear, their son, appeal from a jury verdict denying liability as to Ellis County for

negligence. A jury determined that while a special defect was present in a road, neither

the negligence of Ellis County or Juan Diaz proximately caused the car accident that

claimed the lives of both Juan Diaz and Patrick Brashear. Diaz and Brashear complain that the trial court impermissibly responded to a question from the jury, that the evidence was factually insufficient to support the judgment, and that a question submitted to the jury was improper. Because we find no error, we affirm the judgment.

*Coercive Jury Instruction*

Diaz complains that the trial court erred by submitting a response to a jury question in violation of rules 272 and 286 of the Texas Rules of Civil Procedure. Diaz contends that the trial court answered a question made by the jury during their deliberations regarding what would happen if they could not reach a verdict by stating: "We have the rest of the month to reach a concensus (sic) and then we will make the determination of what happens. Respectfully, Judge." Diaz further contends that this question was received and answered without any knowledge of its counsel or any opportunity to review the question and response or to make objections. Ellis County contends that both parties knew of the instruction and were present at all relevant times. Further, Ellis County argues that Diaz made no objections to the trial court's answer during trial and has waived any objection by either not having a record made of the discussion or by not objecting to the proposed answer to the jury's question.

According to Diaz and Brashear, the trial court's message was a "dynamite charge" that coerced the jury to reach a verdict against them. An *Allen* or "dynamite" charge encourages the jury to reach a verdict and is usually given in response to a specific communication from the jury indicating it is deadlocked. *Stevens v. Traveler's*

*Insurance Co.*, 563 S.W.2d 223 (Tex. 1978) (*citing Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154, 41 L. Ed. 528 (1896)).

The burden is on the party appealing from a judgment to see that a sufficient record is presented to show error requiring reversal. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). Both parties have included facts in their briefs to this Court that are not contained in the record relating to this issue and that contradict each other. While we may accept agreed facts as true, when the facts are not agreed we do not act as a fact-finder as to whether or not the trial court presented the question to the parties or not. There is no reporter's record of the proceedings after the conference for the charge that was first submitted to the jury until the jury rendered its verdict in open court. The jury submitted other questions to the trial court during their deliberations as well as prior to the receipt of the complained-of question and response. We find that the record is insufficient for us to determine this issue. Therefore, we conclude that in order to preserve an issue regarding questions from the jury and answers made by the trial court Diaz and Brashear had the duty to request the court reporter to record any proceedings involving the discussion of jury instructions. *See* TEX. GOV'T CODE ANN. § 52.046(a) (Vernon 2005); *see also Elec. Bankcard Sys., Inc. v. Retriever Indus., Inc.*, No. 14-04-00452 CV, 2005 Tex. App. LEXIS 10576 at *7, 2005 WL 3435294 (Tex. App.—Houston [14th Dist.] Dec. 15, 2005, no pet.) (mem. op.) (Party must object to the failure to make a reporter's record in order to preserve an issue relating to the trial court giving a coercive charge to jury). We overrule issue one.

*Factual Sufficiency*

Diaz and Brashear complain that the evidence was factually insufficient for the jury to have failed to find that Ellis County was negligent and that the County's negligence proximately caused the accident in question. By attacking the factual sufficiency of an adverse finding on an issue on which a party has the burden of proof, that party must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We consider all of the evidence and will set aside the verdict only if the evidence is so weak or the finding so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Dow Chem. Co.*, 46 S.W.3d at 243. The jury remains the sole judge of witnesses' credibility and the weight to be given to their testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

*Negligence*

The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of Desoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). The components of proximate cause are (1) cause-in-fact and (2) foreseeability. *See Western Invs. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005); *Mason*, 143 S.W.3d at 798. The test for cause-in-fact is whether a negligent act or some omission was a substantial factor in bringing about the injury and whether the injury would have occurred without the act or omission. *Western Invs.*, 162 S.W.3d at 551; *Mason*, 143 S.W.3d at 799. There is no

cause-in-fact if the County's negligence did nothing more than furnish a condition that made the injury possible. *See Mason*, 143 S.W.3d at 799.

*Unavoidable Accident*

An unavoidable accident instruction is an inferential rebuttal instruction. *Dillard v. Tex. Elec. Coop.*, 157 S.W.3d 429, 432-34 (Tex. 2005). An inferential rebuttal defense operates to rebut an essential element of the plaintiff's case by proof of other facts. *Id*. at 430. An inferential rebuttal instruction serves to inform the jury about such a defense. *See id*. To warrant the submission of an unavoidable accident instruction, there must be evidence that the accident in question was not proximately caused by the negligence of any party to it. *See Yarborough v. Berner*, 467 S.W.2d 188, 190-91 (Tex. 1971); *see also Dillard*, 157 S.W.3d at 432 n.2. "The instruction merely informs the jury that it may consider causes of the occurrence other than the negligence of the parties." *Dillard*, 157 S.W.3d at 433.

*The Charge as Submitted*

The trial court submitted a question in the charge inquiring as to whether the negligence, if any, of Diaz or Ellis County proximately caused the accident in question. The trial court provided the jury definitions of negligence, ordinary care, and proximate cause, as well as an "unavoidable accident" instruction—"an occurrence may be an 'unavoidable accident,' that is, an event not proximately caused by the negligence of any party to it." The jury found that neither Ellis County's nor Diaz's negligence was a proximate cause of the accident.

*The Facts*

Juan Diaz and Patrick Brashear were traveling in Brashear's Mustang in the early evening hours, when apparently what likely was a coyote darted into the road in front of them. Although Diaz swerved to the left to avoid hitting the animal, the animal made contact and may have been dragged for a short distance. Diaz likely then overcorrected back to the right where the passenger front tire fell into a hole caused by erosion, ran into the edge of a single-lane wooden bridge, and the vehicle flipped over onto its top and slid into a creek. Both Diaz and Brashear drowned after being trapped in the vehicle.

*The Jury's Findings*

The jury answered affirmatively to a question regarding whether a special defect existed in the condition of the road. Thus, the trial court also instructed the jury that upon such an affirmative finding that Ellis County was negligent as to the condition of the road if: "(1) the condition of the road posed an unreasonable risk of harm; (2) Ellis County had actual knowledge or should have known of the unreasonable risk of harm, if any, presented by the condition of the road at the time of the accident, and (3) Ellis County failed to exercise ordinary care to protect Juan Diaz from the unreasonable risk of harm, if any, by failing to adequately warn Juan Diaz of any unreasonable risk of harm caused by the condition of the road, and failing to make the condition reasonably safe."

Diaz and Brashear contend that since the accident investigator testified that the boys would have escaped with only minor injuries had the vehicle not flipped and that

since they hit the special defect in the road, causing the vehicle to flip, the special defect was "a" proximate cause of the accident. Further, Diaz and Brashear contend that the County is not excused by an unavoidable accident of the animal darting out in the road because the accident could have been prevented by filling the eroded area with dirt and inspecting the bridge for wood rot or other damage. Additionally, there was no warning sign or other indication that the bridge was a single lane bridge.

However, the trooper who conducted the investigation of the accident also testified that the vehicle would have gone over the bridge from any location and would have flipped over. It was approximately twenty-one feet from the top of the bridge to the creek bottom. The causes indicated by the investigation were the wild animal and faulty evasive action on the part of Diaz, the driver. Even if the jury was to determine that the County was negligent, giving appropriate deference to the jury as the fact finders, we cannot say that a finding that the injury would have occurred without any negligent act or omission by the County was against the great weight and preponderance of the evidence. We find that the evidence was factually sufficient for the jury to have determined that neither the County nor Diaz proximately caused the accident. We overrule issue two.

### Jury Charge Error

Diaz and Brashear complain that the trial court erred in its submission of questions in the charge to the jury in that (1) uncontroverted facts were submitted to the jury; (2) the wording of the question regarding the special defect was erroneous; (3) the use of the term "unreasonable risk of harm" three times in one question constituted a

comment on the weight of the evidence; (4) there was no evidence to support the submission of an instruction on "new and independent cause;" and (5) the use of multiple inferential rebuttal instructions tends to skew the jury's analysis.

The County contends that Diaz and Brashear have failed to preserve their objections to each of their complaints. Rule 274 of the Rules of Civil Procedure requires that a party objecting to the jury charge "must point out distinctly the objectionable matter and the grounds of the objection." TEX. R. CIV. P. 274.

The trial court conducted a charge conference where both parties submitted requested questions. The trial court then prepared a written charge and gave both parties the opportunity to object to the charge as prepared. The sole objection to the charge relating to the negligence question by Diaz and Brashear was: "With respect to Question 3, references to adequately warn Juan Diaz, I believe should say 'duty to warn,' Your Honor, so I reject anything in Question No. 3 in regards to the area of warning." The objections of which they now complain were not made to the trial court at all and the objection that they did make to the trial court does not comport with their objections in this appeal. *See* TEX. R. APP. P. 33.1; *In re B.L.D.*, 113 S.W.3d 340, 349-50 (Tex. 2003). Issue three is overruled.

Conclusion

We find that the record is insufficient to determine whether the jury was improperly coerced by the trial court. We find that the evidence was factually sufficient to support the jury's verdict in favor of the County. We find that Diaz's and Brashear's

complaints regarding the jury charge were not properly preserved at trial and do not comport with their complaints in this appeal.  We affirm the judgment of the trial court.


                    TOM GRAY
                    Chief Justice

Before Chief Justice Gray,
       Justice Reyna, and
       Justice Davis
Affirmed
Opinion delivered and filed October 27, 2010
[CV06]