Opinion issued July 21, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00932-CV

———————————

Claudia Callejas
and All Current Occupants, 16914 Country Bridge, Houston, TX 77095,
Appellants

V.

Federal National Mortgage Association,
Appellee



 



 

On
Appeal from the County Civil Court at Law No. 4

Harris
County, Texas



Trial Court Case No. 970332

 



 

MEMORANDUM OPINION

Appellants, Claudia Callejas and All Current Occupants, 16914 Country Bridge,
Houston, TX 77095 (the “Occupants”), appeal the trial court’s judgment
awarding possession of the property in question to appellee, Federal National
Mortgage Association (“FNMA”).  In one
issue, Callejas and the Occupants argue the trial court erred in awarding FNMA
possession of the property in question because (1) the court lacked
jurisdiction to determine right of possession because there was a title dispute
over the property in question and (2) there is insufficient evidence to
establish that FNMA gave proper notice.

We affirm.

                                                                                                                                                                
Background

The property in question was sold at a non-judicial
foreclosure sale to MetLife Home Loans on May 4, 2010.  MetLife Home Loans subsequently conveyed the
property to FNMA.  FNMA then sent
Callejas and the Occupants a notice to vacate the property.

On June 28, 2010, FNMA brought suit in a justice court in
Harris County, seeking a judgment for possession.  The justice court entered a default judgment
in favor of FNMA.  Callejas and the
Occupants appealed to the County Civil Court at Law No. 4.  The trial court conducted a trial de novo and
rendered judgment in favor of FNMA.  Callejas
and the Occupants appealed to this Court.

                                                                                                                                                     
Evidentiary Issues

In one issue, Callejas and the Occupants argue the trial
court erred in awarding FNMA possession of the property in question because (1)
the court lacked jurisdiction to determine right of possession because there
was a title dispute over the property in question and (2) there is insufficient
evidence to establish that FNMA gave proper notice.

In order to obtain a reporter’s record, a party to a trial
or evidentiary hearing is required to request that a record be made.  Nicholson
v. Fifth Third Bank, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.]
2007, no pet.).  On appeal, it is the
burden of the appellant to bring forward a sufficient record to show error by
the trial court.  Id.  When a party raises an
issue on appeal relying on evidence presented to the trial court, absent any
record of what evidence the trial court considered, we must presume the trial
court had before it and passed on all necessary facts to support the order or
judgment.  Public, Inc. v. County of Galveston, 264 S.W.3d 338, 341–42 (Tex.
App.—Houston [14th Dist.] 2008, no pet.). 
Accordingly, an appellant cannot prevail on any evidentiary issues in
the absence of a reporter’s record.  Nicholson, 226 S.W.3d at 583.

No reporter’s record exists for the trial before the trial
court.  Accordingly, appellants cannot
prevail on any evidentiary issues raised. 
Id.  We must determine, then, whether the issues
raised by appellants were evidentiary issues.

FNMA brought a forcible detainer action in the justice
court.  A plaintiff in a forcible
detainer action is not required to prove title, but is only required to present
sufficient evidence of ownership to establish a superior right to immediate
possession.  Rice v. Pinney, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no
pet.).  “However, where the right to
immediate possession necessarily requires resolution of a title dispute, the
justice court has no jurisdiction to enter a judgment and may be enjoined from
doing so.”  Id.  The appellate
jurisdiction of the county court is limited to the jurisdiction of the justice
court.  Id. at 708.

Callejas and the Occupants argue that there were
conflicting claims to title to the property in question.  They further argue that this conflict
deprived the justice court and county court at law jurisdiction over the
forcible detainer.  In order for a trial
court to be deprived of jurisdiction due to conflicting claims to title, there
must be some proof of these conflicting claims to title.  In other words, conflicting claims to title
is an evidentiary issue.  

The judgment in the justice court was obtained by
default.  There is no evidence in the
record showing proof of conflicting claims to title in the justice court.  There is no record of the trial before the
county court at law.  Accordingly, we
must presume the trial court had before it and passed on all necessary facts to
support the order or judgment.  Public, Inc., 264 S.W.3d at 341–42.  That is, we must presume either no or
insufficient evidence was presented to the trial court to establish proof of
conflicting claims to title of the property in question.

Callejas and the Occupants also argue that there is
insufficient evidence to establish that FNMA gave proper notice.  Proper notice is an element of forcible
detainer.  See Tex. Prop. Code Ann.
§ 24.002 (Vernon 2000), § 24.005 (Vernon Supp. 2010).  Proof of proper notice is inherently a fact
issue.  Because there is no reporter’s
record, we must again presume the trial court had before it and passed on all
necessary facts to support the order or judgment.  Public,
Inc., 264 S.W.3d at 341–42.

We overrule appellants’ sole issue.

                                                                                                                                                                   
Conclusion

We affirm the judgment of the trial court.

 

                                                                   Laura
Carter Higley

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Matthews.[1]

 











[1]           The Honorable Sylvia A. Matthews, judge of the 281st
District Court of Harris County, participating by assignment.