**Opinion issued July 1, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00722-CV

————————————

**BURGHARDT SMITH, Appellant**

**V.**

**CASSANDRA MICHELLE MYERS, Appellee**

---

**On Appeal from the 245th District Court**
**Harris County, Texas**
**Trial Court Case No. 2006-21138**

---

## MEMORANDUM OPINION

This interlocutory appeal arises out of Cassandra Michelle Myers's efforts to enforce a portion of the property division in a 2006 divorce decree against her former husband, Burghardt Smith. In April 2012, Myers moved to enforce the divorce decree's provision regarding the sale of the couple's marital residence. The

trial court issued an enforcement decree in August 2012 finding Smith in contempt and directing Smith and Myers to sell their marital residence. Smith did not comply. The trial court appointed a receiver to sell the marital residence.

In his sole issue on appeal, Smith contends that the trial court abused its discretion in appointing a receiver to sell their marital residence because Myers had quitclaimed all of her interest in the property. We affirm.

## Background

In 2006, the trial court granted Myers a divorce from Smith and divided the marital estate. The court also ordered the sale of their marital residence:

> It is further ordered and decreed that the property and all improvements located thereon 6435 Bright Bloom Lane, Spring, Harris County, Texas, more specifically described as lot 9, block 3, Springbrook Subdivision, Section 3, according to the map, plat, or deed records of Harris County, Texas, shall be sold under the following terms and conditions:
>
> 1.  The house will be sold and the net proceeds divided equally between the parties. The parties shall list the property with a duly licensed real estate broker having sales experience in the area where the property is location, provided further that the real estate broker shall be an active member in the Multiple Listing Service with the Houston Board of Realtors.
>
> 2.  The property shall be sold for a price that is mutually agreeable to Petitioner and Respondent.

3. Respondent shall continue to make all payments of principal, interest, taxes, and insurance on the property during the pendency of sale, and Respondent shall have the exclusive right to enjoy the use and possession of the premises until closing. All maintenance and repairs necessary to keep the property in its present condition shall be paid by Respondent.

The couple did not sell the house; both remained liable on the mortgage, and Smith continued to live in the house. In 2007, Myers and Smith signed a document titled "Quitclaim," in which Myers sought to quitclaim certain rights to the property in exchange for Smith's $5,000 payment. The quitclaim stated:

For the Consideration, Grantor quitclaims to Grantee all of Grantor's right, title, and interest in and to the Property, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Neither Grantor nor Grantor's heirs, successors, or assigns will have, claim, or demand any right or title to the Property or any part of it.

Two years later, Myers filed a motion to enforce the final divorce decree, complaining that Smith "has refused to put the house up for sale" in compliance with the decree. The trial court dismissed the motion when neither party appeared at the hearing on the motion.

Six years after the final decree, Myers again filed a motion to enforce the decree. Smith responded that he was not required to sell the house because Myers had "accepted good and valuable consideration ($5,000) for her interest in the property" and had conveyed any interest in the property to him by quitclaim deed. The trial court held a hearing on the motion to enforce and heard evidence. On August 6, 2012, the trial court signed an order finding Smith "guilty" of not

complying with the terms of the divorce decree because he had failed to sell the property as ordered. The trial court set an enforcement date by which Smith was ordered to sell the house; Smith did not comply.

In April 2013, the trial court appointed a receiver to "enter into any real estate brokerage agreement necessary to comply" with the final divorce decree—and specifically ordered the receiver to sell the house and divide the proceeds from the sale equally between Myers and Smith. Smith filed written objections to the appointment of a receiver to sell the property, arguing that Myers had quitclaimed any interest she had in the property.

Smith appealed the appointment of the receiver to sell receivership property.

## Jurisdiction

Generally, appellate courts only have jurisdiction over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Benefield v. State*, 266 S.W.3d 25, 29 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Interlocutory orders may be appealed only if they are explicitly authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2013) (authorizing interlocutory appeals of certain orders); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). Texas courts strictly construe statutes authorizing interlocutory appeals. *Benefield*, 266 S.W.3d at 30. Section 51.014(a)(1) of the Texas Civil Practice and Remedies Code authorizes an interlocutory appeal that

4

"appoints a receiver or trustee." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014)(a)(1).

Accordingly, we have jurisdiction to consider Smith's challenge to the appointment of a receiver to enforce the home sale provision in the final divorce decree.

## Appointment of Receiver

In his sole issue, Smith contends that the trial court erred in appointing a receiver to sell the Bright Bloom property because Myers's quitclaim deed "divested all of her interest in the property [that] she is now seeking to have sold."

### A. Standard of review

We review a trial court's post-divorce appointment of a receiver to enforce a divorce decree for an abuse of discretion. *Gainous v. Gainous*, 219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A trial court abuses its discretion in appointing a receiver if the court acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *see, e.g.*, *Rusk v. Rusk*, 5 S.W.3d 299, 307 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (holding trial court abused its discretion in appointing receiver because marital property was subject to in kind distribution).

The appellant bears the burden of bringing forth a sufficient record that demonstrates reversible error. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)). If the appellant fails to obtain a reporter's record of the hearing, we cannot establish that the trial court abused its discretion. *Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 n.1 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Absent a reporter's record and findings of fact, we presume that there was sufficient evidence to support the trial court's judgment to appoint a receiver. *Nicholson*, 226 S.W.3d at 583.

Furthermore, when, as is the case here, the trial court makes no separate findings of fact or conclusions of law, we must draw every reasonable inference supported by the record in favor of the trial court's ruling. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). We will uphold the trial court's judgment provided that it can be upheld on any legal theory supported by the evidence. *Id*.

## B. Trial court's appointment of a receiver

Once a trial court grants a final divorce decree, it retains the right to enforce the property division within the decree. TEX. FAM. CODE ANN. § 9.002 (West Supp. 2013). When enforcing a final decree, the trial court is limited to orders that aid in implementing or clarifying the decree. TEX. FAM. CODE ANN. § 9.001, 9.006(a) (West Supp. 2013) (authorizing trial courts to "render further orders to enforce the

division of property made in the decree of divorce . . . to assist in the implementation of . . . the prior order."). Trial courts have "wide discretion" to enforce property divisions after a divorce. *Dade v. Dade*, No. 01-05-00912-CV, 2007 WL 1153053, at *1 (Tex. App.—Houston [1st Dist.] Apr. 19, 2007, no pet.) (mem. op). Trial court have "broad powers to enlist the aid of a receiver" to enforce the decree. *Vannerson v. Vannerson*, 857 S.W.2d 659, 673 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (citation omitted). A trial court may direct the receiver to sell property and divide the proceeds between the parties in a just, fair, and equitable manner. *Id.* (citing *Hailey*, 331 S.W.3d at 303).

The record shows that there was a hearing on Myers's motion to enforce the decree and that the trial court heard the evidence, considered the parties' pleadings, and found Smith "guilty of separate violations of the decree." The trial court also considered the implications of the quitclaim deed in light of the divorce decree. But the record does not include a transcript of the hearing, and the trial court did not make separate findings of fact or conclusions of law. Furthermore, the record does not reflect that Smith requested or was denied a recording of the proceedings.

Without a reporter's record, findings of fact, or conclusions of law due to Smith's failure to request them, we must assume that there was sufficient evidence to support the trial court's judgment. Accordingly, we conclude that the trial court

did not abuse its discretion in appointing a receiver to enforce the sale of the marital residence.

We overrule Smith's sole issue.

## Conclusion

We affirm.

Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.