

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00026-CV

_____

ROBERT YURIK, Appellant

V.

ERNESTINE PHILLIPS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 80896

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

The controversy in this case involves the identity of the proper payees of a $10,000.00 life insurance policy issued in 1993 by Stonebridge Life Insurance Company on the life of Darlene Inez Trainor. When the insurance policy was initially issued, the sole primary beneficiary was Trainor's husband. However, Trainor changed the primary beneficiary on December 12, 2002, to Robert Yurik and named Trainor's sister, Ernestine Phillips, and daughter, Katy Le, as contingent beneficiaries. A supposedly subsequent beneficiary change request form (to which reference is made here as being in 2004) designated both Yurik and Phillips as joint primary beneficiaries. Upon Trainor's April 8, 2014, demise, the benefits of the life insurance policy became payable by Stonebridge. Pursuant to the most recent beneficiary change request form in its files, Stonebridge issued a $5,000.00 payment to Yurik. Soon thereafter, Yurik contacted Stonebridge's claims examiner claiming that the most recent beneficiary change request form had not actually been signed by Trainor and that her signature thereon had been forged. Based upon that claim, Yurik demanded that he be paid the entire $10,000.00 benefit of the life insurance policy. Stonebridge, recognizing that it was obligated to pay the entire benefit under the life insurance policy to someone but refusing to take the side of either Yurik or Phillips, interpleaded the disputed $5,000.00 portion of the proceeds into court and named both Yurik and Phillips as parties defendant. Yurik and Phillips both made pro se appearances. The trial court determined that Stonebridge was an innocent stakeholder, granted its interpleader, dismissed it from the lawsuit, and proceeded to determine that Phillips was entitled to the funds which had been interpleaded by Stonebridge. Yurik, still acting pro se, has filed this appeal.

On appeal, Yurik argues that the trial court erred in considering the 2004 form, taking the position that the date on that document is indecipherable. The 2004 form states, "I understand that this Beneficiary Change, after it has been recorded by the Company, will take effect as of the date I signed the request." However, the incomprehensible date beside the signature line is "0,4,05."[1] Yurik argues that because the date shown on the form is not decipherable, it is impossible to determine its effective date; therefore, he maintains, the 2004 beneficiary change form is invalid.[2]

In essence, Yurik claims that there is insufficient evidence to sustain the ruling of the court, relying almost solely on the unusual numbers beside the signature line on the 2004 form. The law is well settled that "'[a] party proceeding pro se must comply with all applicable procedural rules' and is held to the same standards as a licensed attorney." *Paselk v. Rabun*, 293 S.W.3d 600, 611 (Tex. App.—Texarkana 2009, pet. denied) (quoting *Weaver v. E–Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.)). In support of his arguments, Yurik relies on findings and statements made by the trial court at the bench trial. However, Yurik has not provided us with a reporter's record in this case. In almost every circumstance, it is the duty of the appellant to present a sufficient record to demonstrate that error was committed that requires the appellate court to render a reversal. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—

---

[1] In the trial court, Yurik also argued that Trainor's signature on the document could have been forged. Le filed an affidavit stating, "I reviewed [Trainor's] signature in depth and believe it to be her signature." Yet, the affidavit failed to identify which of the beneficiary change request forms Le reviewed. In any event, Yurik's notice of appeal states, "Mr. Yurik concedes to the Court he is not a handwriting expert and is not disputing that fact." Although, in his recitation of the facts of the case, Yurik surmises that there is "questionable handwriting in general" on the 2004 form; however, the argument portion of Yurik's brief on appeal contains no argument concerning any alleged forgery.

[2] We note that immediately below the incomprehensible date, the form contains a date stamp reflecting the execution date as April 12, 2004. Also, Stonebridge's administrative support staff marked the form with a stamp reflecting "ACTION COMPLETED April 20, 2004."

Houston [1st Dist.] 2007, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam)). "The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." TEX. R. APP. P. 34.1. When we are not provided with a reporter's record, we indulge every presumption to support the finding made by the trial court. *Bryant v. United Shortline, Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998). "[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order." *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied).

According to correspondence from the court reporter dated June 17, 2015, Yurik inquired about the cost for the reporter's record, but failed to pay the fee. By letter dated June 29, 2015, we notified Yurik of the deficiency in the record and allowed him an opportunity to cure that defect by securing a copy of the reporter's record. *See* TEX. R. APP. P. 37.3(c). We warned Yurik of the consequences of failing to cure the defect and informed him that the deadline for filing the reporter's record was July 17, 2015. To date, Yurik has failed to provide this Court with the reporter's record.

The clerk's record in this case further reveals that Yurik never requested any findings of fact and that no such findings were filed. "When . . . there is no reporter's record and findings of fact and conclusions of law are neither properly requested nor filed, the judgment of the trial court implies all necessary findings of fact to sustain its judgment." *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 312 (Tex. App.—Dallas 2008, no pet.).

For the foregoing reasons, we affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     September 10, 2015
Date Decided:       September 17, 2015