**Opinion issued February 11, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00807-CV

———————————

## MIGUEL FLORES, Appellant

## V.

## DAVID AGUERO, Appellee

---

**On Appeal from County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1097002**

---

## MEMORANDUM OPINION

Appellant Miguel Flores challenges the trial court's judgment in favor of appellee David Aguero on Aguero's breach-of-contract suit against Flores. In two issues, Flores argues that the trial court erred (1) in granting judgment in favor of Aguero because Aguero presented insufficient evidence in support of his claim for

breach of contract and damages; and (2) "by preventing the case from being decided on its merits by a traditional trier of facts." We affirm.

**Background**

Flores contracted with Aguero to install an aerobic drip septic system at Flores's home. The contract described the exact services to be performed and stated that the total expense would be $8,800. The contract further stated that "additional requirements by county authorities will be at an extra cost to owner." Aguero required that Flores pay $5,000 up front, which Flores paid. Aguero installed the septic tank, and subsequently, "additional fees" totaling $2,089.38 were incurred for services such as obtaining a "variance request" and a new survey of the property where the septic system was being installed. A dispute ensued regarding preparation of land for the drip field, and Aguero never completed installation of the drip field.

Aguero sued Flores in the Harris County Justice Court, Precinct 4, seeking $4,889.38, the remaining amount due on the contract. Aguero alleged that Flores did not take certain step necessary to prepare the land for installation of the drip filed. Flores answered, but did not appear at trial, and the small claims court entered a default judgment in favor of Aguero.

Flores appealed to the County Civil Court at Law No. 3, where he again filed a general denial. Flores also asserted counterclaims against Aguero for fraud, negligent misrepresentation, and breach of contract alleging that Aguero failed to

perform under the terms of their agreement. The County Civil Court notified the parties of the non-jury trial setting, and on July 12, 2018, the court rendered its final judgment. The judgment recited that both parties appeared on March 5, 2018, and stated, "No jury fee having been paid, the parties proceeded to trial without the intervention of a jury." The County Civil Court found in favor of Aguero, awarding him $4,889.38 on his breach of contract claim, plus post-judgment interest. The court further ordered that Flores take nothing on his counterclaims. Flores then appealed to this Court.

This Court received the clerk's record, but no reporter's record was filed. The court reporter notified us that a record had been taken, but Flores had not requested the preparation of the reporter's record, nor had he paid for it. This Court notified Flores of the issue, granting him an opportunity to provide the reporter's record, but he failed to do so. Accordingly, we notified Flores in an order dated January 24, 2019, that the Court "will consider and decide those issues or points that do not require a reporter's record for a decision." *See* TEX. R. APP. P. 37.3(c) (stating that, if clerk's record has been filed, appellate court may consider and decide those issues or points that do not require a reporter's record).

**Analysis**

In his first issue and parts of his second issue, Flores asserts that the evidence was insufficient to support the trial court's judgment in favor of Aguero. Flores

3

asserts that the trial court erred in interpreting the contract and in granting Aguero's "unsubstantiated" claim, and he argues that Aguero never completed the work "due to no material breach" by Flores and, thus, it "is evident that the balance of the contract consideration is still not due." He likewise asserted that Aguero's claims were false and that he could prove that Aguero was the breaching party.

An appellant bears the burden of bringing forward a record sufficient to show that the trial court erred. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX. R. APP. P. 34.1.

Evaluation of the sufficiency of the evidence supporting the trial court's judgment requires that we review the evidence submitted during trial. *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 810–11, 822 (Tex. 2005) (setting out standard of review), and *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989) (in determining factual sufficiency of evidence, we must consider all evidence that supports or contradicts fact-finder's determination). Thus, a reporter's record is necessary to consider Flores's complaints regarding the evidence submitted at trial.

Despite notice from this Court, Flores failed to take the steps necessary to procure the reporter's record, and it was never filed. *See* TEX. R. APP. P. 37.3(c). When, as here, there is no reporter's record or findings of fact, we presume the trial

4

court heard sufficient evidence to make all necessary findings in support of its judgment.[1] *Curry v. Tex. Dep't of Pub. Safety*, 472 S.W.3d 346, 349–50 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998)); *see Palla v. Bio-One, Inc.*, 424 S.W.3d 722, 727–78 (Tex. App.—Dallas 2014, no pet.) (when record is incomplete, we must presume that missing portion supports factual determinations made by fact finder); *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Accordingly, we presume the trial court heard sufficient evidence to support its judgment in favor of Aguero. *See Curry*, 472 S.W.3d at 349–50; *Nicholson*, 226 S.W.3d at 583.

We overrule Flores's appellate issues challenging the sufficiency of the evidence or the evidentiary basis for the trial court's judgment.

Flores further argues that the trial court erred "by preventing the case from being decided on its merits by a traditional trier of facts." The clerk's record, however, does not support Flores's contention. *See, e.g.*, TEX. R. APP. P. 37.3(c) (providing that when appellant fails to file reporter's record, appellate court may

---

[1] Flores attached several exhibits as an appendix to his appellate brief, but these documents were not included in the record on appeal. Documents attached to an appellate brief that are not part of the record in the trial court may not be considered on appeal. *See WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("[W]e cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed.").

consider and decide those issues or points that do not require reporter's record for decision).

The final judgment states that it was rendered following a bench trial. The trial court is a proper trier of fact in a bench trial. *See, e.g.*, *AKIB Constr. Inc. v. Shipwash*, 582 S.W.3d 791, 805 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (trial court's findings after bench trial have same weight as jury verdict, and trial court, as finder of fact in bench trial, is sole judge of witness credibility). Nothing in the clerk's record indicates that Flores was improperly denied a jury trial—no jury request appears in the record, no payment of a jury fee was recorded, and the trial court notified the parties that they were set for a non-jury trial.

We overrule Flores's remaining complaint on appeal.

## Conclusion

We affirm the judgment of the trial court.


Richard Hightower
Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.