**Opinion issued December 4, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00156-CV

———————————

**BRANDON BARNES, Appellant**

**V.**

**CARRIAGE PLACE APARTMENTS, LLC, Appellee**

On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1213196

## MEMORANDUM OPINION

This is an appeal from a de novo appeal in the county court at law (the trial court) of a forcible detainer case in the justice court.[1]

---

[1] We refer to the Justice Court of Harris County, Texas, Precinct 4 Place 2 as the "justice court" and the Harris County Civil Court at Law Number 1 as the "trial court."

## Background

Appellant Brandon Barnes leased an apartment from Grow Wealth 2 Retire LLC, beginning on November 1, 2022. On July 27, 2023, appellee Carriage Place Apartments LLC gave "notice to vacate for non-payment of rent, utilities, or other sums" to Brandon Barnes. On August 16, 2023, appellee filed its Original Petition for Forcible Detainer in the justice court. On September 12, 2023, the justice court entered a judgment in favor of appellee, awarding $4,979.00 in damages and $0 in attorney's fees.[2] Appellant timely filed his notice of appeal with the justice court on September 18, 2023.

On November 8, 2023, the trial court dismissed the de novo appeal for want of prosecution. Appellee timely filed a motion to reinstate on November 14, 2023. The trial court signed an order reinstating the case on December 12, 2023.

The trial court held a bench trial on January 31, 2024. Neither party requested a reporter's record of the proceedings. On February 5, 2024, the trial court entered a final judgment in favor of Carriage Place Apartments Houston LLC, awarding possession of the property, back rent in the amount of $8,558.00, and attorney's fees in the amount of $850.00.

---

[2]     The justice court is not a court of record and there is no transcript of these proceedings.

Appellant filed a "Motion to Disqualify Judge" on February 12, 2024, alleging that the trial court failed "to disclose her financial and conflict of interest in the outcome of case # 1213196," "to produce documents from the secretary evidencing her delegation of authority to administer the BRANDON TYRELL BARNES ESTATE," "to establish jurisdiction," that the trial court "has acted dishonorably and in extreme bias against the [appellant]," received "unjust enrichment by means [of] AGGRAVATED IDENTITY THEFT and unauthorized fiduciary actions by administering the BRANDON TYRELL BARNES ESTATE without permission or consent," as well as "securities fraud" and "tax evasion." On February 26, 2024, the trial court judge declined to recuse herself voluntarily and referred the matter to the Presiding Judge of the Eleventh Administrative Judicial Region for assignment of a judge to hear the motion. The Presiding Judge denied the motion to recuse without a hearing.

Appellant timely filed his notice of appeal.

**Analysis**

Appellant Brandon Barnes raises the following issues: (1) whether appellee Carriage Place Apartments, LLC existed at the time the forcible detainer action was filed; (2) whether Carriage Place Apartments, LLC was ever the legal owner of the property; (3) whether a person/organization can be liable to another person/organization who is not a party to the agreement; (4) whether a party of

3

interest, Legal Owner, or Landlord brought the eviction suit; (5) whether Carriage Place Apartments, LLC rebutted any of the sworn affidavits of Brandon Barnes concerning the lease agreement obligation tendered in full at the time of signing; (6) whether Brandon Barnes executed the military affidavit using his exemption/SSN or Brandon Barnes authorized or gave consent to Chris Ferguson to use Barnes's social security number, name, and likeness; (7) whether the trial court issued a writ compliant with 28 U.S. Code § 1691; and (8) whether the trial court issued a judgment in her personal capacity or in the authority of the court.

Appellant's briefing on appeal does not comply with the briefing rules. *See* TEX. R. APP. P. 38.1; *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) (pro se litigants held to same standards as licensed attorneys); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). Nevertheless, the Supreme Court of Texas has frequently advised that "[a]ppellate briefs are to be construed reasonably, yet liberally," and that "appellate courts should reach the merits of an appeal whenever reasonably possible." *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).

In support of appellant's arguments, he attaches the following exhibits to the appendix of his brief, which were not included in the appellate record: (1) a deed of trust; (2) an assignment of lease and rents; (3) two property tax statements, (4)

4

appellee's articles of formation; and (5) LexisNexis business reports for Grow Wealth 2 Retire LLC, Devonshire Real Estate and Asset Management, and Devonshire Real Estate Investments, Inc. Appellant argues that these documents were effective to provide notice to the appellees pursuant to Section 101.101(a) of the Texas Civil Practice and Remedies Code. However, because these documents were not referenced in appellee's pleadings in the trial court and are not included as part of the record on appeal, we cannot consider them as part of our review. *Brazoria Civic Club v. Brazoria Cty. Appraisal Dist.*, 694 S.W.3d 854, 866 (Tex. App.—Houston [14th Dist.] 2024, no pet.) (court of appeals could not consider exhibits attached to brief that were not in the appellate record and not before the trial court when it granted jurisdictional plea).

Appellant's brief consists of two pages of argument, generally alleging that appellant was never in privity with appellee, but rather with Grow Wealth 2 Retire LLC; that appellee is an improper third-party debt collector; and that the trial court violated appellant's due process rights by removing him from the proceedings. None of these factual assertions are supported by the appellate record.[3] Appellant includes citations to the Texas Finance Code[4] and Equal Credit Opportunity Act,[5] but there is no explanation of how the cited authority relates to appellant's

---

[3]     The court reporter has certified that there was no record made of the proceedings.

[4]     TEX. FIN. CODE § 392.101.

[5]     28 U.S.C. § 1691.

argument or other substantive analysis as to how they relate to appellant's complaints. *See Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) (appellate briefing rules "require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, [and] to cite legal authority that is applicable to their complaints . . .. The brief fails if we must speculate or guess about the appellant's contentions."); *see also Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("We have no duty to brief appellant's issue for [him]. Failure to cite applicable authority or provide substantive analysis waives an issue on appeal."). Because it would be inappropriate for this Court to speculate about appellant's substantive legal arguments, we find waiver due to inadequate briefing. *See Canton-Carter v. Baylor Coll. Of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that "[i]t would be inappropriate for [appellate] court to speculate as to what appellant may have intended to raise as an error by the trial court on appeal" because doing so forces appellate court to "stray from [its] role as a neutral adjudicator and become an advocate for appellant"). Consequently, nothing is assigned for our review as to the trial court's rulings. *See Guimaraes v. Brann*, 562 S.W.3d 521, 545 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). In the

absence of clear arguments or citations to the record, appellant has waived his eight issues on appeal. *See* TEX. R. APP. P. 38.1(i).

However, even liberally construing appellant's brief to include an argument that the evidence is legally insufficient to establish he was in privity of contract with appellee, the argument fails because appellant has presented no reporter's record of the January 31, 2024 bench trial. The reporter has informed the Court that there is no reporter's record. An appellant must present an appellate court with a sufficient record demonstrating error requiring reversal. *See, e.g., Tabe v. Tex. Inpatient Consultants, LLP*, No. 01-22-00294-CV, 2023 WL 3063403, at *5 (Tex. App.—Houston [1st Dist.] Apr. 25, 2023, no pet.) (mem. op.); *see also Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (noting that party is required to request court reporter make record, and holding that because appellant failed to request reporter's record, court would assume there was sufficient evidence to support trial court's judgment). Typically, when no reporter's record is made and filed, the reviewing court must presume that the missing evidence supports the trial court's ruling. *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998); *Opoku-Pong v. Boahemaa*, No. 14-19-00070-CV, 2020 WL 3240742, at *2 (Tex. App.—Houston [14th Dist.] June 16, 2020, no pet.) (mem. op.).

Accordingly, we presume the evidence presented at trial supports the trial court implied privity finding. We overrule appellant's issue.

## Conclusion

We affirm the trial court's judgment.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Guiney, and Johnson.