Opinion issued March 10, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00354-CV

_____

**TRAYVONE WHEATLY-PORTER, Appellant**

**V.**

**DLP CAPITAL D/B/A THE PROPER, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1224829**

---

## MEMORANDUM OPINION

Trayvone Wheatly-Porter appeals the county court's judgment in a forcible detainer action granting DLP Capital d/b/a The Proper ("DLP Capital") possession of a unit in 4971 Martin Luther King Boulevard, Houston, Texas, and finding that

DLP Capital was entitled to $2,235.48 for unpaid rent. *See* TEX. PROP. CODE § 24.002. We affirm.

## Background

On August 18, 2023, Wheatly-Porter entered into a student housing lease agreement with DLA Capital. The lease contemplated that Wheatly-Porter would pay $550 on the first of each month, and the lease would terminate July 31, 2024. When Wheatly-Porter did not pay rent in January, DLA Capital gave him a "Final 3-Day Notice" that his $550 January rent payment and various fees were past due, warning that failure to pay would result in a suit against him for possession of the property and unpaid rent. *See* TEX. PROP. CODE § 24.005(a) (requiring landlord to give notice to pay rent or vacate before filing forcible detainer suit for termination based on nonpayment of rent).

When Wheatly-Porter did not pay, DLA Capital instituted this forcible detainer action in the justice court. On February 20, 2024, the justice court found that Wheatly-Porter had failed to pay rent and ordered a writ of possession to issue if he failed to vacate the premises within five days. The court also issued a judgment against Wheatly-Porter for $550 as rent owed, plus attorney's fees, court costs, and post-judgment interest. The judgment further ordered Wheatly-Porter to pay $550 for each rental pay period during the pendency of any appeal.

Wheatly-Porter appealed the judgment to a county civil court at law. The county court conducted a bench trial, and the court reporter has certified that no record was made of the proceedings. Following the trial de novo in May 2024, the county court entered a judgment and order awarding DLA Capital possession of the property, $2,235.48 as rent owed, and $1,075 in attorney's fees.

## Discussion

On appeal, Wheatly-Porter contests the sufficiency of the evidence to support the judgment against him. He argues that he paid all outstanding charges before moving out. DLA Capital responds that Wheatly-Porter provided no evidence of his alleged rent payments in either the justice court or the county court at law.

### A.     Forcible Detainer

A landlord may file a forcible detainer action to reclaim possession of property when a tenant refuses to surrender possession of the subject property on demand. *See* TEX. PROP. CODE § 24.002(a). A forcible detainer action is dependent on proof of a landlord-tenant relationship. *See Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). The sole issue in a forcible detainer action is "who has the right to *immediate* possession of the premises." *Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App.—Dallas 2001, no pet.) (emphasis in original). A landlord may seek unpaid rent in a forcible detainer

case filed in justice court, provided that the claim for unpaid rent is for an amount within the jurisdiction of the justice court. *See* TEX. R. CIV. P. 510.3(d). When, as in this case, an appeal of the judgment of the justice court is filed in the county court, the prevailing party may recover damages, if any, "suffered for withholding or defending possession of the premises during the pendency of the appeal." TEX. R. CIV. P. 510.11.

**B.      Possession and Mootness**

Although not raised by the parties, because it concerns our jurisdiction, we first consider the effect of the writ of possession and expiration of the underlying lease.

A case becomes moot if, during any stage of the proceedings, a controversy ceases to exist between the parties. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). In a forcible detainer case, the issue of possession becomes moot when the appellant ceases to have actual possession of the property, unless the appellant asserts a potentially meritorious claim of right to current, actual possession of the premises. *Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 787–88 (Tex. 2006).

The record reflects that the county court awarded possession of the unit to DLA Capital on May 2, 2024 and ordered the writ of possession to issue on May 13, 2024. The record also reflects that the lease expired by its own terms on

July 31, 2024. The lease also states that it does not automatically renew. Wheatly-Porter makes no argument that, even if meritorious, could form the basis of a claim to possession after July 31, 2024. *See Marshall*, 198 S.W.3d at 787 (explaining that lease had expired and appellant presented "no basis for claiming a right to possession after that date"). Because there is no dispute that Wheatly-Porter no longer has actual possession of the property, and he cannot demonstrate a potentially meritorious claim of right to current actual possession, this appeal has become moot to the extent Wheatly-Porter challenges the trial court's award of possession in favor of DLA Capital. *See Dafatry v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied) (concluding that while issue of possession became moot, "the entire case was not moot because [plaintiff's] claims for damages and attorney's fees continued to present live controversies.").

We dismiss as moot Wheatly-Porter's challenge to the county court's determination of the right to possession of the property. However, because a live controversy potentially still exists with respect to Wheatly-Porter's challenge to the trial court's award of damages, we will proceed to address that issue.

## C.    Damages for Unpaid Rent

We construe Wheatly-Porter's issue related to the award for unpaid rent to be a challenge to the sufficiency of the evidence to support the county court's

judgment. The record does not include findings of facts or conclusions of law. In a bench trial in which the trial court did not file findings of fact, we imply all findings of fact necessary to support the judgment. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

The clerk's record includes evidence admitted during the trial in county court. The evidence includes the lease agreement, three-day notice, and a tenant ledger. The ledger shows all activity on Wheatly-Porter's account. The record reflects a payment in December 2023 for charges incurred up to that time. It reflects charges for rent and utilities in January 2024 and no payments made.

The court reporter has certified that no reporter's record exists of the county court bench trial. An appellant has the burden to bring forward a sufficient record to show the trial court's alleged error. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("[An appellant] cannot prevail in any evidentiary challenge without first meeting his burden of presenting a sufficient record on appeal."). When a party raises an issue on appeal relying on evidence presented to the trial court—as Wheatly-Porter does here in his evidentiary challenge—we must presume the trial court had before it and determined all facts necessary in support of the judgment absent any record of what evidence the trial court considered. *Harris v. Masumeh, LLC*, No. 01-24-00196-CV, 2025 WL 626177, at *2 (Tex. App.—Houston [1st Dist.] Feb. 27,

6

2025, no pet.) (mem. op.) (citing *Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam) ("The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment." (internal quotations omitted))); *Onwubuche v. Olowolayemo*, No. 01-10-00945-CV, 2012 WL 1067950, at *3 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.) ("Onwubuche did not file a reporter's record as part of his record on appeal. We therefore must presume that the reporter's record contains evidence to support the trial court's rulings on all issues of fact."). Accordingly, we presume the trial court found the necessary facts to establish that DLA Capital was entitled to judgment for unpaid rent. *See Bennett*, 96 S.W.3d at 229–30; *Onwubuche*, 2012 WL 1067950, at *3. We therefore hold that the evidence was factually sufficient to support the trial court's judgment related to unpaid rent.

**Conclusion**

We dismiss and vacate in part and affirm in part. Because the issue of possession is moot, we vacate the county court's judgment of possession and dismiss that portion of the appeal. We affirm the county court's judgment in all other respects.

Susanna Dokupil
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.