# IN THE SUPREME COURT OF TEXAS

════════════
No. 14-0006
════════════

KINGSAIRE, INC. D/B/A KINGS AIRE, INC., PETITIONER,

v.

JORGE MELENDEZ, RESPONDENT

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════

JUSTICE GUZMAN, concurring.

In enacting the Family and Medical Leave Act (FMLA), Congress struck a delicate balance to accommodate "the demands of the workplace" while promoting the "economic security of families." 29 U.S.C. § 2601(b)(1). Congress ensured employees were entitled "to take reasonable leave for medical reasons," but recognized the economic necessity of accommodating "the legitimate interests of employers." 29 U.S.C. § 2601(b)(2)-(3). An equilibrium between these counterpoints is achieved through the FMLA's limited guarantee of twelve weeks of job-protected leave. On occasion, workplace injuries may require employees to take medical leave extending beyond the FMLA's protections, but employers may nevertheless manage the resulting burdens on their businesses by enacting and enforcing reasonable leave policies. If an employee remains on leave beyond twelve weeks, the employee can be terminated when such a policy requires it, even if the employee has engaged in protected conduct under the Workers' Compensation Act. Absent evidence proving the

leave policy was applied in a discriminatory manner or the reason for discharge was pretextual, a retaliatory discharge claim is not viable. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450-51 (Tex. 1996). Because no such evidence was introduced here, I join the Court's opinion and holding that Melendez failed to carry his burden of proving retaliatory discharge.

I write separately, however, because I believe it is important to clarify which party bears the burden of proof in a retaliatory discharge case when sufficient evidence exists that termination resulted from the uniform enforcement of a reasonable leave policy. The burden of persuasion compels the result in this case. I further note this issue is squarely presented in Kings Aire's second appellate point, which complains about the jury charge but is mooted by the Court's disposition of the first appellate point.

Though we have not previously stated so, uniform enforcement of a reasonable leave policy is an inferential rebuttal defense to a retaliatory discharge claim. When an employer produces evidence that an adverse employment action resulted from uniform enforcement of a reasonable leave policy, the employee must prove all the requisite elements of retaliation *and* disprove the employer's claim that termination was based on the leave policy. This burden-shifting scheme exists because, under the Texas Labor Code, the employee bears the burden of proving that a discharge (or other adverse action) "occurred 'because' of the protected activity." *Cazarez*, 937 S.W.2d at 450; *see* TEX. LABOR CODE §§ 451.001, 451.002(c). To prove causation, the employee must demonstrate "that the employer's action would not have occurred when it did had the employee's protected conduct—filing a workers' compensation claim—not occurred." *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005).

2

As we explained in *Cazarez*, even if an employee has engaged in protected conduct, the employee cannot establish a causal nexus between protected conduct and termination of employment if termination was required under a leave policy that is both reasonable and uniformly enforced. 937 S.W.2d at 451. In such circumstances, the employee's protected conduct is necessarily not the "but for" cause of the employee's termination. *Id.* ("If an employee's termination is required by the uniform enforcement of a reasonable absentee policy, then it cannot be the case that termination would not have occurred when it did but for the employee's assertion of a compensation claim or other conduct protected by section 451.001."). Though we did not explicitly categorize the leave-policy issue as an inferential rebuttal defense, it naturally follows.

"An inferential rebuttal defense operates to rebut an essential element of the plaintiff's case by proof of other facts." *See Dillard v. Tex. Elec. Coop.*, 157 S.W.3d 429, 430 (Tex. 2005). In contrast, an affirmative defense enables a defendant to avoid liability even if the plaintiff successfully proves all the elements of a cause of action. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 210 (Tex. 1996). Evidence that an employee was terminated based on uniform enforcement of a reasonable leave policy rebuts the conclusion that the employee was terminated in retaliation for engaging in protected conduct. It presents a contrary theory of causation. Accordingly, the leave-policy defense illustrates the "basic characteristic" of an inferential rebuttal defense; "it presents a contrary or inconsistent theory from the claim relied upon for recovery." *Select Ins. Co. v. Boucher*, 561 S.W.2d 474, 477 (Tex. 1978). A leave-policy defense cannot be treated as an affirmative defense because doing so would impermissibly shift the burden of causation to the defendant in contravention of the retaliatory-discharge statute. *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 156 (Tex. 2015) ("[T]he

3

hallmark characteristic of [an affirmative defense] is that the burden of proof is on the defendant to present sufficient evidence to establish the defense and obtain the requisite jury findings.").

Properly characterizing the leave-policy defense as an inferential rebuttal defense rather than an affirmative defense has important implications. In the context of this case, at least two exist.

First, it determines the applicable legal-sufficiency standard. In this case, the Court properly conducts a no-evidence legal-sufficiency review. And, as the Court ably explains, Melendez failed to prove that his termination did not result from a uniformly enforced, reasonable leave policy. Although Melendez obtained a favorable jury finding that he was terminated for filing a workers' compensation claim, the jury's finding cannot stand because the record bears no evidence of employer subterfuge nor evidence that the leave policy was inapplicable or applied in a discriminatory manner. *Cf. Cazarez*, 937 S.W.2d at 452 (affirming a jury finding because there was some evidence the employer's three-day rule did not apply).

Second, because the inferential rebuttal defense is subsumed in the liability question, disposition of Kings Aire's first appellate issue answers its second issue—whether the trial court erred by not submitting a separate question and instruction to the jury on the leave-policy defense. Inferential rebuttal defenses cannot be submitted to the jury in separate jury questions. TEX. R. CIV. P. 277. Instead, inferential rebuttal defenses raised by the evidence "must be presented through jury instructions." *Bed, Bath & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex. 2006); *see also Lemos v. Montez*, 680 S.W.2d 798, 800 (Tex. 1984). The trial court did not err in refusing to submit a separate question on Kings Aire's leave-policy defense.

With these additional thoughts, I join the Court's opinion and judgment.


_____

Eva M. Guzman
Justice


**OPINION DELIVERED**: December 4, 2015

5