

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00317-CV

Teresa M. **FAYETTE**,
Appellant

v.

Luciano **REYES** and ABC Trucking,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CI04948
Honorable Michael E. Mery, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: August 21, 2019

AFFIRMED

Teresa M. Fayette appeals from a take-nothing judgment in her negligence suit arising from a motor vehicle collision. On appeal, Fayette argues: (1) the jury's failure to find one of the parties negligent was against the great weight and preponderance of the evidence; (2) the trial court erred in denying her motion for new trial; and (3) the trial court erred in redacting parts of the police report. We affirm.

BACKGROUND

Fayette sued Luciano Reyes and his employer, ABC Trucking, (collectively, "Reyes"), for negligence and gross negligence. In her petition, Fayette alleged she suffered injuries when Reyes, who was driving a commercial motor vehicle in the course and scope of his employment, "recklessly collided" into the car she was driving. The case was tried to a jury. The jury found that neither Fayette nor Reyes's negligence proximately caused the occurrence in question. Specifically, the jury answered Question No. 1 as follows:

> Did the negligence, if any, of those named below proximately cause the occurrence in question?
>
> Answer 'Yes' or 'No' for each of the following:
>
> a. Luciano Reyes      No
> b. Teresa M. Fayette      No

In accordance with the jury's verdict, the trial court rendered a take-nothing judgment on Fayette's claims.

Thereafter, Fayette filed a motion for new trial, arguing, among other things, that the jury's decision to not assign negligence to one of the parties in the absence of an inferential rebuttal instruction was against the great weight and preponderance of the evidence. The trial court held a hearing on the motion for new trial and subsequently denied the motion. Fayette appealed.

THE JURY'S FAILURE TO ASSIGN NEGLIGENCE

In her first issue, Fayette argues the jury's failure to assign negligence to one of the parties was against the great weight and preponderance of the evidence. Fayette's main argument is that "the jury was required to find someone at fault" because the jury charge did not include an inferential rebuttal instruction. The purpose of an inferential rebuttal instruction is to advise the jury, in the appropriate case, that it does not have to place blame on a party to the suit if the evidence shows that the occurrence was caused by conditions beyond the party's control or by the

conduct of a non-party to the litigation. *Dillard v. Tex. Elec. Coop.*, 157 S.W.3d 429, 432 (Tex. 2005).

To support her argument that the jury was required to assign negligence to her or to Reyes, Fayette cites *Bed, Bath & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex. 2006), and *Dillard*, 157 S.W.3d at 432-33. However, *Urista* and *Dillard* impose no such requirement. In *Dillard*, the Texas Supreme Court recognized that the "phraseology" of a broad-form question asking if the negligence of particular persons proximately caused an occurrence had "at least a potential" to imply "that the occurrence *was* caused by *someone's* negligence." *Dillard*, 157 S.W.3d at 433 (emphasis in original). But the supreme court further recognized that an inferential rebuttal instruction reinforces for the jury that "no such implication is intended." *Id.*; *see also Urista*, 211 S.W.3d at 757 ("The truth is, sometimes accidents are no one's fault, and an unavoidable accident instruction, like the one in this case, simply explains to the jury that [it is] not required to find someone at fault."). Contrary to Fayette's argument, *Urista* and *Dillard* do not stand for the proposition that a jury given a negligence question like the one in this case is required to find someone negligent.

Additionally, Question No. 1 specifically asked the jury to decide whether "the negligence, *if any*, of" Fayette or Reyes proximately caused the occurrence in question. (emphasis added). Therefore, the language of the question itself informed the jury it was not obligated to find either Fayette or Reyes negligent.

When challenging the factual sufficiency of the evidence to support an adverse finding on an issue on which she had the burden of proof at trial, an appellant must demonstrate on appeal that the finding is against the great weight and preponderance of the evidence. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). In conducting such a factual sufficiency review, the reviewing appellate court considers and weighs all the evidence presented at trial and determines

if the evidence supporting the jury's finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). "The court of appeals is not a fact finder." *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). Therefore, we do not evaluate the credibility of the witnesses or substitute our judgment for that of the jury, even if a different result could be reached upon review of the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *Ellis*, 971 S.W.2d at 407.

The only eyewitnesses to the collision to testify at trial were Fayette and Reyes, and they provided markedly different accounts of the collision.[1] The collision occurred on a stretch of highway with two lanes in each direction. Fayette was traveling northbound. Fayette testified she was driving in the left lane moving with traffic at 65 m.p.h. when she noticed an eighteen-wheel truck off to her right starting to move toward her lane. Fayette tried to move over a little bit, but the collision happened quickly. The truck "hit" Fayette's car and "jolted [it] into the median." Fayette lost control of her car, which crossed the grassy median and almost entered the lanes on the other side of the highway. After traveling on the median for about the length of a block, Fayette was able to regain control of her car and to bring it to a stop. Fayette further testified that immediately after the collision Reyes said he was "so sorry" and told her, "There was a car getting in front of me and I didn't see you."

By contrast, Reyes testified that he was in his employer's truck driving northbound in the highway's left lane at 60 m.p.h. According to Reyes, he had already completed a lane change[2] when he noticed Fayette's car "at a turnaround." According to Reyes, Fayette was "coming off" a

---

[1]Parts of Reyes's videotaped deposition testimony were played for the jury.

[2]Additionally, Reyes testified that before he changed lanes he had looked in his mirror and "there was nobody there" and that "[t]here was nobody in the [left] lane when I was in the [left] lane."

turnaround and "ran out of the merge lane. I guess she was trying to get in front of me and, I mean, she ran into the gravel." Reyes further testified, "I was in my lane. And then all of a sudden [Fayette's] right there, right there at the window, and then she ran out of road. Because when you merge [onto this highway] there's little error to emerge [sic] when you make a turn and she ran out of room. She panicked." Reyes testified there was "no way I could have pushed [Fayette's car] off the road when she was coming onto" the highway. Reyes said he "never hit" Fayette's car, but that "[w]hen she came back into the road, she bumped my truck…. She nicked me." According to Reyes, "I was already fully in my lane and we bumped."

Also admitted at trial were photographs depicting Fayette's car after the collision and a redacted version of the police report made by the officer who investigated the collision. The photographs show Fayette's car with a flat tire and several dents on the rear passenger-side door and near the rear of the vehicle. The redacted police report contains a narrative section, which indicates[3] that Fayette's car "was traveling alongside" Reyes's truck, that Reyes "attempted to change lanes" "due to merging traffic ahead of him," that Reyes "changed lanes," and that Fayette's car "left the roadway and was driving on the grassy median."

After reviewing all the evidence in a neutral light, we cannot say that the jury's answer to Question No. 1 is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. As discussed above, Fayette and Reyes provided conflicting testimony about how the collision occurred. When presented with conflicting evidence, the jury may believe one witness and disbelieve another. *City of Keller*, 168 S.W.3d at 819; *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). Furthermore, the jury may resolve any inconsistencies in any witness's testimony. *McGalliard*, 722 S.W.2d at 697. In this case, the jury

---

[3]The narrative section of the police report mistakenly refers to Fayette's car as Unit 2. However, the police report designates Reyes's tractor as Unit 1, Reyes's trailer as Unit 2, and Fayette's car as Unit 3

could have disbelieved all or part of Fayette's account of the collision, and it could have believed all or part of Reyes's account of the collision. *See Griffin Indus., Inc. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 355 (Tex. 1996) (recognizing the fact-finder "has the right to accept or reject all or any part of any witness' testimony."). In light of the evidence presented, the jury could have reasonably concluded that neither Fayette nor Reyes failed to exercise ordinary care, or that any negligence was not a proximate cause of the collision.[4] We overrule Fayette's first issue.

## MOTION FOR NEW TRIAL

In her second issue, Fayette argues the trial court abused its discretion in denying her motion for new trial. In her motion for new trial, Fayette asked the trial court to grant a new trial because (1) the jury's verdict was against the great weight and preponderance of the evidence, and (2) the jury engaged in misconduct.

---

[4]The jury charge included the following definitions:

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the occurrence, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

It also included the following instructions:

Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise….

The term "preponderance of the evidence means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Fayette first contends the trial court abused its discretion in denying her motion for new trial because the jury's answer to Question No. 1 is against the great weight and preponderance of the evidence. However, as we explained in our discussion of Fayette's first issue, the jury's answer to Question No. 1 is not against the great weight and preponderance of the evidence.

Fayette next contends the trial court abused its discretion in denying her motion for new trial because "the jury decided the case based on something other than the evidence presented" at trial. Here, Fayette focuses on the duration of the jury's deliberations, complaining that the jury reached its verdict after deliberating for less than an hour. Fayette asserts "this abnormal rush to judgment indicates that the jury engaged in an outcome-oriented decision-making process, which is specifically prohibited by Texas law."

To obtain a new trial based on jury misconduct, a movant bears the burden to establish that: (1) the misconduct occurred; (2) it was material; and (3) it probably caused injury. *In re Whataburger Rests. LP*, 429 S.W.3d 597, 598-99 (Tex. 2014); *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 159 (Tex. App.—San Antonio 2008, pet. denied); *see* TEX. R. CIV. P. 327(a). The movant must prove all three elements. *Whataburger*, 429 S.W.3d at 599. Determining whether jury misconduct occurred and caused injury are questions of fact for the trial court. *Id.*; *Schmidt*, 267 S.W.3d at 160. In the absence of express findings, we assume the trial court made all findings in support of its decision to deny the motion for new trial. *Schmidt*, 267 S.W.3d at 160.

Even though Fayette had the burden to establish all three elements of jury misconduct, she presented no evidence in the trial court to support her claim. Fayette did not attach to her motion for new trial any affidavits delineating the alleged jury misconduct, and she did not present any evidence at the motion for new trial hearing. Additionally, the trial court did not make any findings in support of its decision to deny the motion for new trial. In light of this record, Fayette has not demonstrated that the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules and principles in rejecting her jury misconduct complaint.

We conclude the trial court did not abuse its discretion in denying Fayette's motion for new trial. We overrule Fayette's second issue.

### REDACTED POLICE REPORT

In her third issue, Fayette argues the trial court abused its discretion by excluding parts of the police report and by admitting only a redacted police report into evidence at trial. We review a trial court's evidentiary rulings for an abuse of discretion. *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007).

Shortly after the collision, a police officer was dispatched to the scene to investigate. The investigating officer prepared a police report. Before trial, Reyes moved to exclude from the police report statements regarding causation because the officer lacked the qualifications to provide an expert opinion on causation. In response, Fayette asserted that she was not presenting the police report to show "the cause of the accident and who was at fault." Fayette further argued "the whole document" was admissible as a public record. The trial court granted Reyes's motion and ordered that the officer's causation opinions and his diagram of the collision be redacted from the police report. The redacted police report was admitted into evidence at trial.

On appeal, Fayette argues the trial court abused its discretion in "excluding portions of the police report" because the entire police report was admissible as a public record. *See* TEX. R. EVID.

803(8). Texas Rule of Evidence 803(8) provides that certain public records are not rendered inadmissible by the rule against hearsay. TEX. R. EVID. 803(8); *Benefield v. State*, 266 S.W.3d 25, 34 (Tex. App.—Houston [1st Dist.] 2008, no pet.). However, Rule 803(8) does not exempt such public records from satisfying other requirements under the rules of evidence. *Benefield*, 266 S.W.3d at 34 (holding the trial court abused its discretion in admitting public records over authenticity objections when the documents were not properly authenticated under the evidentiary rules). A document's status as a public record under Rule 803(8) is separate from whether its author is qualified to provide expert opinions. *See Griffin v. Carson*, No. 01-08-00340-CV, 2009 WL 1493467, at *4 (Tex. App.—Houston [1st Dist.] May 28, 2009, pet. denied) (noting that even though an accident report was generally admissible as a public record under Rule 803(8), the statements in the report regarding causation were inadmissible when no evidence was presented to establish the officer's qualifications); *Carter v. Steere Tank Lines, Inc*. 835 S.W.2d 176, 181-82 (Tex. App.—Amarillo 1992, writ denied) (recognizing that whether an accident report was admissible under Rule 803(8)'s hearsay exception and whether the same report contained expert opinions were separate inquiries).

Here, the record shows that Reyes moved to exclude certain statements in the police report on the basis that the officer who authored the report lacked the qualifications to provide an expert opinion on causation. The trial court granted Reyes's motion and excluded the statements on this basis. Nevertheless, on appeal, Fayette does not challenge this basis for excluding the statements. Therefore, we cannot say the trial court abused its discretion in granting Reyes's motion to exclude parts of the police report. We overrule Fayette's third issue.

## CONCLUSION

We hold the jury's verdict is not against the great weight and preponderance of the evidence. Additionally, we hold the trial court did not abuse its discretion in denying Fayette's

motion for new trial and in excluding parts of the police report. Therefore, we affirm the trial court's judgment.

Irene Rios, Justice